UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

FRANK MCCARRON,

Defendant.
---------------------------------------------------------X

MEMORANDUM OF
DECISION & ORDER
15-CR-257 (ADS) (AYS)

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 20 2020 ★

LONG ISLAND OFFICE

**APPEARANCES:**

**United States Attorney's Office, Eastern District of New York**
*Attorneys for the Government*
610 Federal Plaza
Central Islip, NY 11722
    By:    Charles N. Rose, Esq., Assistant United States Attorney,
            Madeline M. O'Connor, Esq., Assistant United States Attorney.

**Anthony M. La Pinta, Esq.**
*Attorney for the Defendant*
200 Vanderbilt Motor Parkway Suite C-17
Hauppauge, NY 11788

**SPATT, District Judge:**

On January 31, 2017, defendant Frank McCarron (the "Defendant") pleaded guilty, pursuant to a written plea agreement, to (1) conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(i) ; (2) Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951(a); and (3) possessing and brandishing firearms during a crime of violence, predicated on the Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 924(c)(1) ("Section 924").

On June 22, 2018, the Court sentenced the Defendant to a total of 216 months of imprisonment, based on the consecutive running of the following sentences: 60 months for the conspiracy to distribute heroin; 72 months for the Hobbs Act robbery conspiracy; and 84 months for possessing and brandishing firearms during a crime of violence.

Presently before the Court is a petition by the Defendant requesting that the Court, pursuant to 28 U.S.C. § 2255 ("Section 2255"), vacate his Section 924(c) conviction for possessing and brandishing a firearm during a crime of violence. For the following reasons, the Court denies the Defendant's petition.

## I. BACKGROUND

The Defendant was involved in, and convicted for his participation in, a multi-year heroin trafficking conspiracy, and a Hobbs Act robbery conspiracy, which also involved the brandishing of a firearm during the robbery conspiracy.

On January 18, 2017, the Defendant pleaded guilty to three counts of a sixteen count indictment. In paragraph 4 of the plea agreement, the Defendant "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court impose[d] a term of imprisonment of 272 months or below." In paragraph 5 of the plea agreement, the Government agreed that, among other things, in exchange for the defendant's guilty plea, it would move to dismiss the remaining thirteen substantive counts charged in the indictment.

During the Defendant's January 18, 2017 plea hearing in front of the United States Magistrate Judge Anne Y. Shields, the Defendant was advised that the plea agreement included the waiver of his right to collaterally attack his sentence via habeas petition if sentenced to imprisonment of 272 months or less. ECF 58 at 8.

On January 31, 2017, United States District Judge Leonard D. Wexler, after reviewing the plea transcript, "f[ound] that the defendant's guilty plea was entered voluntarily and intelligently, and that he fully understands his rights and the consequences of his plea" and accepted the guilty plea. ECF 57.

On April 3, 2018, the case was reassigned to this Court, after which, on June 22, 2018, the Court sentenced the Defendant to a total term of imprisonment of 216 months and dismissed the remaining counts of the indictment upon the government's motion.

## II. DISCUSSION

Section 924(c)(1)(A) provides, in pertinent part:

> [A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . .
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). "Crime of violence" is defined in two subparts: the elements clause, Section 924(c)(3)(A), and the residual clause, Section 924(c)(3)(B). The elements clause defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," whereas the residual clause defines it as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Ibid.*

The crime which formed the basis of the Section 924(c) conviction was the Defendant's participation in a conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a), which states that:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation

of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).

In *United States v. Davis*, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019), the Supreme Court ruled that Section 924(c)'s residual clause was unconstitutionally vague, so that the Government could not rely on a Hobbs Act robbery conspiracy as a predicate crime of violence to obtain heightened criminal penalties under that provision. *Id.* at 2336. Subsequent to *Davis*, the Second Circuit held in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019) that conspiracy to commit Hobbs Act robbery is not categorically a crime of violence and therefore cannot support a conviction under the elements clause. *Id.* at 130. Consequently, it is settled law that defendants may no longer be found guilty for the predicate act supporting the Defendant's Section 924(c) conviction.

The Government agrees with this description of the law, but argues that the Defendant is barred from collaterally challenging his conviction due to his agreement to an appellate waiver. The Court finds that the appellate waiver is unenforceable, but that the Defendant has nonetheless procedurally defaulted with regard to his ability to rely on *Davis* to challenge his conviction due to his failure to raise the argument on direct appeal.

**1. As to the Appellate Waiver.**

Under paragraph 4 of the plea agreement, the Defendant "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court impose[d] a term of imprisonment of 272 months or below." Thus, according to the Government, the Defendant has no recourse under *Davis* and *Barrett*, because the Court sentenced him to 217 months in accordance with the appellate waiver.

4

Although the Government is correct that the waiver is applicable, the Court finds that it is not enforceable under the present circumstances. "It is by now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable." *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001). However, the Second Circuit has found that a defendant may have a valid claim that a waiver is unenforceable under certain enumerated circumstances:

> (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus.

*Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016). In the Court's view, in light of *Davis* and *Barrett*, the Defendant's sentence is based on constitutionally impermissible factors, namely, a conviction under an unconstitutional statute.

As a starting point, the Government correctly notes that there is Second Circuit precedent establishing that "a defendant's 'inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" *United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008) (quoting *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005)).

Further, the Second Circuit has "upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." *United States v. Gomez–Perez*, 215 F.3d 315, 319 (2d Cir. 2000). Most notably, in *Sanford v. United States*, 841 F.3d 578 (2d Cir. 2016), the Second Circuit held the Supreme Court's ruling that the residual clause of United States Sentencing Guidelines (the "Guidelines") § 4B1.2(a)(2) was unconstitutionally vague did not

5

warrant voiding the appellate waivers of defendants sentenced under that Guidelines provision. *Sanford*, 841 F.3d at 581.

At first indication, the broad language used in these cases would appear to require enforcing the appellate waiver. Indeed, some district courts in this Circuit have already found that the fact that a defendant raises a claim under *Davis* does not warrant finding a plea agreement's appellate waiver unenforceable. *See Elliott v. United States*, No. 17-cr-128, 2019 WL 6467718, at *4 (E.D.N.Y. Dec. 2, 2019); *Rodriguez v. United States*, No. 16-cv-1784, 2019 WL 5552325, at *5 (D. Conn. Oct. 25, 2019).

However, these cases relied on Second Circuit precedent with facts critically distinct from the allegations here. Whereas those Second Circuit cases addressed Guidelines provisions found unconstitutional, *Davis* invalidated the statute underlying the Defendant's conviction itself. *See Sanford*, 841 F.3d at 580; *Morgan*, 406 F.3d at 137. Of importance, *Davis* applies retroactively to criminal cases that became final before the Supreme Court's ruling therein. *See Bonilla v. United States*, No. 07-cr-0097, 2020 WL 489573, at *3 (E.D.N.Y. Jan. 29, 2020); *United States v. Rodriguez*, No. 94-cr-313, 2020 WL 1878112, at *17 (S.D.N.Y. Apr. 15, 2020); *Acosta v. United States*, No. 03-cr-00011, 2019 WL 4140943, at *4 (W.D.N.Y. Sept. 2, 2019).

Thus, the Defendant's conviction itself is unconstitutional. Cases regarding sentences later found unconstitutional by the Supreme Court are inapplicable because, notwithstanding the illegality of the sentence, the Court still has the authority to order the incarceration of the Defendant due to the underlying substantive criminal offense. *See Davis*, 139 S.C.t. at 2354–55 (Kavanaugh, J., dissenting) ("[D]efendants who successfully challenge their § 924(c) convictions will not merely be resentenced. Rather, their § 924(c) convictions will be thrown out altogether. That is because, to restate an obvious point, § 924(c) defines a substantive criminal offense.").

Here, on the other hand, the statutory basis for the Defendant's conviction no longer exists. *See Boykin v. United States*, No. 16-cv-4185, 2020 WL 774293, at *5 (S.D.N.Y. Feb. 18, 2020) ("Since the Supreme Court has held that § 924(c)(3)(B) [the 'risk of force clause'] is unconstitutionally vague, a predicate crime qualifies as a 'crime of violence' only if it falls under the force clause, § 924(c)(3)(A); 924(c)(3)(B) has been effectively stricken from the statute.").

"A violation of a fundamental right warrants voiding an appeal waiver." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2010). Accordingly, the Court finds that the Defendant's appellate waiver is not enforceable. *See Bonilla*, 2020 WL 489573, at *3 (finding that a defendant's "waiver of appealability is not enforceable" against a *Davis* challenge); *Leyones v. United States*, No. 10-cr-743, 2018 WL 1033245, at *2–3 (E.D.N.Y. Feb. 22, 2018) (expressing "serious doubts" that "an appellate or collateral review waiver [is] enforceable to bar a petitioner's claim that a newly announced constitutional rule warrants vacating his criminal conviction"); *In re Hammoud*, 931 F.3d 1032, 1041 (11th Cir. 2019) (allowing a defendant that signed an appeal waiver to challenge his sentence under 28 U.S.C. § 2255 based on the Supreme Court's ruling in *Davis*).

### 2. As to Procedural Default.

When a defendant fails to appeal, he is procedurally barred from raising any issues on a Section 2255 motion that could have been raised on appeal. *See United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal.") (collecting cases).

The Supreme Court has identified two exceptions to this rule of procedural default: (1) where the movant can demonstrate "cause" for failing to bring a direct appeal and "prejudice" arising from the failure to do so; and (2) where the movant can demonstrate that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1988).

The Defendant has made no argument regarding his actual innocence. Thus, the Defendant may only excuse his procedural default by establishing cause and prejudice.

The Court finds that the Defendant has failed to demonstrate adequate cause for his procedural default. The "cause" requirement is met "if some objective factor, external to Petitioner's defense, interfered with his ability to comply with the [applicable] procedural rule." *Gutierrez v. Smith*, 702 F.3d 103, 111 (2d Cir. 2012). These factors can include a factual or legal basis for a claim that was not available to defendant's counsel; interference by Government officials; or ineffective assistance of counsel. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). No such factors exist here.

First, the Defendant cannot rely on his appellate waiver to establish cause. The Second Circuit has expressly held that "a waiver of appeal provision in a plea agreement [does] not constitute 'cause' for failing to take a direct appeal." *Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001); *see also United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995) ("We are dissuaded from such a course in this case, in any event, by Gallina's explicit undertaking in the Agreement not to appeal a sentence that fell within a guideline range of 63–78 months. As previously indicated, Gallina cites this undertaking as constituting 'cause' for his failure to appeal that justifies his subsequent § 2255 application. In our view, this position turns the 'cause' requirement on its head."). That remains true even in the case of an appellate waiver later found to be unenforceable. *See Rodriguez*, 2019 WL 5552325, at *5 (Even if . . . Rodriguez's waiver was not enforceable, the government argues that his Petition is nonetheless procedurally barred.").

Second, the post-conviction issuance of *Davis* and *Barrett* does not establish cause either. The Second Circuit has held that the "cause" standard is a strict one: "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the

default the claim was 'available' at all." *United States v. Thorn*, 659 F.3d 227, 233 (2d Cir. 2011) (citing *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986)).

The Defendant was sentenced on June 22, 2018. Three years before the Defendant's sentencing, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was unconstitutional. Many courts in this Circuit have held that defendants' failure to challenge their conviction pursuant to *Johnson* on direct appeal precludes reliance on *Davis* in a collateral proceeding, because *Johnson* provided all of the "tools to construct" a constitutional vagueness challenge to a conviction under the residual clause prior to *Davis*. *See Mayes v. United States*, No. 12-cr-0385, 2019 WL 6307411, at *2 (E.D.N.Y. Nov. 25, 2019); *United States v. Key*, No. 12-CR-712, 2019 WL 2314693, at *8 (S.D.N.Y. May 31, 2019); *Rodriguez*, 2019 WL 5552325, at *6.

Indeed, the only cases the Court is aware of forgiving the failure to challenge a conviction under the residual clause on direct appeal involve defendants sentenced before *Johnson*. *See Aquino v. United States*, No. 13-cr-536, 2020 WL 1847783, at *1 (S.D.N.Y. Apr. 13, 2020) (defendant sentenced on May 27, 2015); *Vilar v. United States*, No. 16-cv-5283, 2020 WL 85505, at *2 (S.D.N.Y. Jan. 3, 2020) (defendant sentenced in 1998); *Camacho v. United States*, No. 13-cr-58, 2019 WL 3838395, at *1 (S.D.N.Y. Aug. 15, 2019) (defendant sentenced in 2014).

Granted, the law in the Second Circuit at the time of the Defendant's sentencing still found the Defendant's conviction under the residual clause permissible. *See United States v. Barrett*, 903 F.3d 166, 182 (2d Cir. 2018). However, the fact that a claim may be futile is not sufficient to establish cause "if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623, 118 S.Ct. 1604; *see also Thorn*, 659 F.3d 22 (holding that defendant could not show that good cause excused his failure to pursue claim of statutory

9

vagueness on direct appeal prior to *Johnson* decision). Before *Davis*, and before the Defendant's sentencing, the Supreme Court "[i]n recent years" had applied the doctrine of vagueness "to two statutes that bear more than a passing resemblance to § 924(c)(3)(B)'s residual clause." *Davis*, 139 S. Ct. at 2325 (citing *Johnson*, 135 S.Ct. at 2551; *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)). These arguments were available to the Defendant at the time of his sentencing, barring him from raising them now. *See Mayes*, 2019 WL 6307411, at *2 ("[T]he fact that *Barrett* was initially decided by the Second Circuit contrary to Mayes's position does not provide cause.").

Third, the Defendant cannot establish cause through ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel "must show that (1) counsel's performance was objectively deficient, and (2) petitioner was actually prejudiced as a result." *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 692–93, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Regarding the first step, the Second Circuit has described the burden as "a heavy one because, at the first step of analysis, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* "The determinative question at this step is not whether counsel 'deviated from best practices or most common custom,' but whether his 'representation amounted to incompetence under prevailing professional norms.'" *Id.* at 129–30 (quoting *Harrington v. Richter*, 562 U.S. 86, 88, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)).

The Court finds that counsel's decision not to appeal the Defendant's conviction was reasonable. As the Court just mentioned, the law in the Second Circuit at the time of the Defendant's sentencing upheld the constitutionality of the Defendant's conviction. Counsel did not err "by failing to anticipate that the law might change, especially given the strong presumption

that counsel performed reasonably." *See Elliott*, 2019 WL 6467718, at *5 (finding counsel's performance was adequate "because the U.S. Supreme Court had not yet decided *Davis*" and "[t]he residual clause was also not unconstitutional under this circuit's case law").

The Court is aware that this finding at least somewhat appears to conflict with its finding that the Defendant possessed the necessary "tools to construct," *Engle v. Isaac*, 456 U.S. 107, 133, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), a void for vagueness challenge to his conviction based on *Johnson* and *Simaya*. In that regard, the Court notes that "[t]he standard for procedural default under *Bousley* is more exacting than *Strickland*'s requirement that counsel be 'reasonably competent.'" *Mayes v. United States*, No. 12-cr-0385, 2018 WL 4558419, at *6 (E.D.N.Y. Sept. 21, 2018). Even if *Johnson* and *Simaya* made such a challenge *available* to the Defendant, it does not follow that "the outcome of *Davis* was . . . so obvious that it was *objectively unreasonable* for counsel to rely on then-binding Second Circuit precedent." *Mizell v. United States*, No. 14-cr-0212, 2020 WL 2216561, at *4 (S.D.N.Y. May 6, 2020) (emphasis in original).

At the second step, the Supreme Court has held that a defendant in the Defendant's position must demonstrate that, "but for counsel's deficient conduct, he would have appealed." *Roe v. Flores-Ortega*, 528 U.S. 470, 486, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The Second Circuit has held that a defendant's mere expression of interest in an appeal is insufficient to establish prejudice. *See Sarroca v. United States*, 250 F.3d 785, 787 (2d Cir. 2001) ("Evidence that a defendant sufficiently demonstrated to counsel his interest in an appeal, when taken alone, is 'insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal.'") (quoting *Flores-Ortega*, 528 U.S. at 480, 120 S.Ct. 1029). If counsel's performance, however, deprives a defendant of an appeal that

he otherwise would have taken, he has been denied effective assistance of counsel. *Sarroca*, 250 F.3d at 787.

In determining whether a reasonable defendant would have appealed, the Supreme Court provided:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a ... particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Flores-Ortega*, 528 U.S. at 480, 120 S.Ct. 1029.

The Court also finds that the Defendant was not prejudiced by counsel's performance. There is no indication that the Defendant requested that his counsel file an appeal, and the fact that he agreed to an appellate waiver strongly weighs in favor of finding that he had no interest in pursuing one. "[C]ourts in this Circuit that have addressed the issue have found that defendants who waive their right to appeal are precluded from asserting an ineffective assistance claim based on counsel's failure to file an appeal." *Rodriguez*, 2019 WL 5552325, at *7 (collecting cases); *accord Lopez v. United States*, No. 01-cv-7398, 2002 WL 1471540, at *3 (E.D.N.Y. May 15, 2002) ("Lopez cannot show that counsel's failure to file a notice of appeal caused him to forfeit an appeal he otherwise would have taken, because he had already knowingly and voluntarily forfeited that right in his plea agreement.").

Failing to vacate the Defendant's conviction pursuant to *Davis* might seem harsh, considering that the procedural default likely occurred as a result of an appellate waiver now found to be unenforceable. However, "[b]ecause collateral challenges are in tension with society's strong

interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted). The "procedural default rule constitutes one of such rules[.]" *Id.*

It is still the case that, by acceding to a negotiated plea agreement, the Defendant avoided the risk at trial of being convicted of any of the thirteen additional counts that the Court dismissed upon accepting his guilty plea. Those counts would have carried additional mandatory consecutive sentences, namely, a significantly longer term of imprisonment. Therefore, the benefit the Defendant obtained from his plea agreement still remains, notwithstanding the fact that it may have indirectly caused him to forfeit the ability to avail himself of future favorable changes in the law.

Accordingly, the Court finds that the Defendant has procedurally defaulted with regard to his collateral challenge to his conviction under Section 924(c).

### III. CONCLUSION

For the foregoing reasons, the Court denies the Defendant's petition to vacate his conviction under 18 U.S.C. § 924(c)(1)(A).

It is **SO ORDERED**:

Dated: Central Islip, New York

May 20, 2020

/s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge

14